# Thos. H. Freeland, Jas. Hall, and others, vs. Barclay Reynolds.

An injunction will not lie, to restrain proceedings on an execution levied upon goods in a store, and other personal property, claimed by the complainant, under title from the party against whom the execution issued; the complainant's remedy is adequate and complete *at law*.

Appeal from the Equity side of the Circuit Court for Cecil County.

Appeal from an order dissolving an injunction which had been granted upon a bill filed on the 3rd of January 1859, by the appellants against the appellee.

The bill alleges that Gustavus A Thompson, of Cecil county, executed and delivered, *bona fide*, and for a valuable consideration, to the complainants, a conveyance of certain personal property in that county, which conveyance is filed as an exhibit with the bill; that in violation of the rights of property of the complainants, the defendant, as sheriff of Cecil county, has seized upon this property of theirs, in virtue of process issued against the goods and chattels of Thompson, and has advertised the same for sale, though before so doing he had full notice that such goods and chattels were the property of the complainants, and claims to sell under such executions. The bill then charges that this sale, if made, will greatly injure the complainants and subject them to a long and tedious process at law, to recover damages for the outrage being perpetrated upon them, and that such mode of relief will afford them no adequate remedy in the premises, and that the only proper remedy is by injunction prohibiting the sale, and that the judgments on which the sheriff is acting in these proceedings do not, according to the statement of Thompson, exceed $450. The prayer of the bill is for an injunction and general relief.

The bill of sale or mortgage, above referred to, is dated the 13th of October 1858, and by it the grantor, Thompson, "of Cecil county," conveys to the complainants, in consideration of an indebtedness to them of $1480.77, all his personal property on his farm and premises, in that county,

"consisting of horses, a cow, farming utensils, hogs, corn, also a stock of goods, consisting of groceries, dry goods, hardware, hats, caps, shoes, boots, crockery, and all other my chattels and g ods of what kind soever, in my store in Port Hennan, in Cecil county aforesaid," conditioned for the payment of said sum, with interest, on or before the 14th of November then next ensuing. This conveyance was acknowledged before a Justice of the Peace for the city of Baltimore, and recorded, in Cecil county, on the 15th of October 1858.

The sheriff's advertisement of sale, also filed as an exhibit with the bill, states that by virtue of five several writs of *fi. fa.*, and *vendi. exponas* in his hands at the suit of different parties against Gustavus A. Thompson, and Charles T. Thompson, trading as partners under the firm of G. A. Thompson & Son, he had seized certain specified articles of personal property, (being of the same description as those mentioned in the above bill of sale or mortgage,) as the goods and chattels of the said G. A. Thompson & Son, and would sell the same on the 4th of January 1859.

The injunction was granted as prayed, and the defendant filed his answer, under oath, (though not so called for by the bill,) in which he admits that Thompson executed the paper filed with the bill, and that he, the defendant, as sheriff, levied upon and advertised for sale the property as mentioned in the said advertisement. He avers that several of these executions were issued and placed in his hands before said paper was recorded and became liens on the property, which could not be invalidated by any conveyance subsequently executed or subsequently recorded. He further avers that this paper is not a valid and effectual bill of sale or mortgage of the remaining property in the possession of the grantor, except as to the parties thereto, because it was not properly acknowledged before a Justice of the Peace of Cecil county, and hence the complainants are not authorized by law to set up th r t e against the defendant, or any of the creditors of Thompson. He denies that the complainants have any title to remedy in equity, and avers that if the matters stated in

the bill give them any cause of complaint their remedy is full and complete at law.

A motion to dissolve was then made. No testimony was taken, and on the 20th of April 1859, the court (PRICE, J.) passed an order dissolving the injunction, in which order it was stated, that the cause stood "ready for hearing on the motion to dissolve." From this order the complainants appealed.

The cause was argued before ECCLESTON, TUCK and BARTOL, J.

*Benj. C. Barroll,* for the appellants, argued that the bill can be sustained on several grounds:

1st. The appellee had seized and was about to sell the individual property of Thompson, to satisfy debts due by the partnership, and this was a ground for interference by injunction. In 3 *New York Legal Observer,* 288, it is said by Judge Ware: "If a creditor of one partner attaches partnership property, his attachment only holds the right or interest which the partner shall be found to have in the property after *an account* is taken and the joint creditors are paid. The equity of each class of creditors against their proper fund, certainly seems to be stronger than that of the other class, who never could have looked to it for their security, except so far as there might be a surplus after discharging its own proper liabilities; the general rule, therefore, has its foundation in natural equity and it is established by the law." He cites *Kent,* 65, *note c.,* (*5th Ed.*) *Story's Part., sec.* 363. See, also, 2 *Md. Rep.,* 1, *Glenn vs. Gill.*

2nd. A second ground for interference by injunction is found in the fact that the appellee, as sheriff, had seized and was about to sell a large mass of personal property, to satisfy some five or six executions issued in behalf of different plaintiffs, by reason of which, there was a commingling of so many and such varied interests that there could be no adequate redress, without complicated and vexatious litigation;

all who directed the sheriff to seize and sell were co-trespassers with him and liable in damages.

3rd. Another ground upon which the jurisdiction can be maintained is, that of preventing a multiplicity of suits, either against the plaintiffs directing the executions, or the necessity of actions of replevin against the purchasers. The number of replevin suits necessary to get back the property would have been utterly ruinous to the appellants.

4th. The court will perceive that the character of the mischief, in this case, was of very difficult computation in damages, from the fact that the proceedings of the appellee were the destruction both of the store and the farming operations being carried on for the benefit of the appellants, and a sale for *cash*, in mid-winter, was exceedingly detrimental to their interests, even taking the limited view that they were equitably entitled to the surplus after the executions should be satisfied.

5th. Upon the theory of the appellee, that *at law* the bill of sale conferred no title to the property in the appellants, then, if the appellee was a trespasser, the remedy of the appellants was *solely* in a court of equity, by injunction; and that the appellee was a trespasser, is insisted on upon the ground that it was unlawful to levy, and sell under, five executions, in the manner set forth in the advertisement of sale; there should have been a separate levy, appraisement and sale in each case.

6th. The rule which is applied to a case of trespass to real property, is not applicable to a case like the present; a mortgage being regarded in equity as a mere security for a debt, to be enforced in equity, the rights of the mortgagee are jealously guarded and protected.

7th. And where a bill discloses sufficient matter, upon which to base the jurisdiction of the court, it is not necessary to allege any specific ground for the court's interference. In this case, the ground for the jurisdiction appear in the bill, taken in connection with the deed of mortgage and the advertisement of sale, which are made and considered parts of the bill. The appellee sets up, as a fact to invalidate the title of the complainants, the possession of Thompson, and says

that the inference is irresistible that Thompson continued in possession, and that there is nothing to show any delivery to the complainants. This possession is a fact to be proved, like any other fact, not a matter to be guessed at by the court; but the advertisement did not assert or even intimate, that the goods were in the possession of Thompson. And even if they had been found in his possession, the appellants insist that the appellee, having full notice that they were the property of the appellants, before he levied upon them, cannot set up, *in equity*, any defect in the acknowledgment or registry of the mortgage. The sole object of registry is to give notice, and, if a party has notice, it is a fraud in him to attempt to circumvent the party who, by mistake or accident, has failed to perfect his title by a proper registry.

*John A. J. Creswell,* for the appellee:

It is settled law, that the power of a court in issuing injunctions should be exercised with extreme caution, and applied only in very clear cases, otherwise, instead of becoming an instrument to promote the public as well as private welfare, it may become a means of extensive, and perhaps of irreparable, injustice. 2 *Story's Eq.,* sec. 959, *b.* 12 *Md. Rep.,* 318, *Nusbaum & Bowes vs. Stein, et al.* . Now, upon what grounds can an injunction be claimed against a sale of property, unless to prevent irreparable mischief, or multiplicity of suits, or complicated and vexatious litigation? In this bill, no such allegation is made. It only alleges, that the sale, if made, will subject the complainants "to a long and tedious process to recover damages for the outrage being perpetrated upon them." There is nothing said of any special value attached to the property, or to any part of it. Just such allegations might be made in every case where there is a dispute about title, and if this bill authorizes an injunction, it is difficult to conceive of any proceeding for a sale which could not be peremptorily stopped by order of a court of equity. A mere complaint of the "law's delay," is not a ground for injunction. There must be special equities. And even in cases of irreparable damage, the mere averment that the case is one of that sort is not sufficient to justify the intervention

of the extraordinary power of the court. The facts on which it rests must be stated. This has frequently been ruled by this court in relation to trespasses to real estate, as in *White vs. Flannigain*, 1 *Md. Rep.*, 539, and *Ches. & Ohio Canal Co. vs. Young*, 3 *Md. Rep.*, 480. And why should not the same doctrine hold in regard to trespasses to personal property? In either case the court must be satisfied from the bill itself, that the apprehension of the injury is well founded.

But again, the complainants must show title, otherwise an injunction will not be granted. The conveyance from Thompson to them, on which they alone rely as passing the title as against Thompson's creditors, is not valid, because not properly acknowledged in the county where the grantor resided. 2 *Gill*, 150, *Byer vs. Etnyre*. There is nothing to show delivery of the property, and the inference is irresistible, that the grantor remained in possession after the execution of that conveyance, which rendered its due acknowledgment and recording necessary to pass the title, as against the creditors of the grantor.

But the remedy, if the complainants have any, is full, perfect and complete at law. Besides their right to recover possession of the property by replevin, after the sale, they could have maintained an action at law against the appellee, as sheriff, if the property seized or levied upon had really belonged to them. 3 *H. & J.*, 499, *Bruce vs. Smith*. 7 *H. & J.*, 60, *Cromwell vs. Owings*. 10 *Md. Rep.*, 14, *Trieber vs. Blocher*.

BARTOL, J., delivered the opinion of this court:

In the opinion of this court, the order appealed from in this case ought to be affirmed. There is nothing in the record to entitle the appellants to relief by injunction. Their remedy is adequate and complete at law. The case of *Lewis and others vs. Levy*, decided at the present term, (*ante*, 85,) is conclusive of the question presented by this appeal. See, also, 14 *Md. Rep.*, 258, and 3 *Randolph*, 25 and 170.

*Order affirmed with costs.*

(Decided July 19th, 1860.)